UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTEL ARTIS,<br><br>                                        Plaintiff<br><br>        v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                                        Defendants | Case No. 2:24-cv-02186-APG-DJA<br><br>**ORDER** |

## I.    DISCUSSION

On December 5, 2024, Plaintiff Martel Artis was an inmate in the custody of the Clark County Detention Center ("CCDC") who filed an application to proceed *in forma pauperis*. (ECF No. 4). However, Plaintiff's application to proceed *in forma pauperis* was incomplete because he had not submitted his jail trust fund account statement for the previous six-month period. The Court granted Plaintiff an extension of time until February 7, 2025, to submit the missing document. (ECF No. 5). In response, Plaintiff submitted another incomplete application to proceed *in forma pauperis* which, again, was missing his jail trust fund account statement for the previous six-month period. (ECF No. 6). On February 10, 2025, Plaintiff filed a change of address notifying the Court that he was now in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 7). The Court granted Plaintiff an extension of time to file a fully complete application to proceed *in forma pauperis*. (ECF No. 8). In response, Plaintiff filed another incomplete application to proceed *in forma pauperis* which, again, was missing his inmate trust fund account statement for the previous six-month period. (ECF No. 9). On April 7, 2025, the Court issued an order granting Plaintiff one final extension of time to file a fully complete application to proceed *in forma pauperis*. (ECF No. 10).  On May 12, 2025, Plaintiff submitted a letter requesting an extension of time to file his inmate trust fund account statement because NDOC staff was taking a long time to respond to inmate requests. (ECF No. 11).

The Court finds good cause to grant Plaintiff one more extension of time because Plaintiff appears to be actively trying to acquire his inmate trust fund account statement. The Court grants Plaintiff an extension of time until June 30, 2025, to file a complete application to proceed *in forma pauperis*.

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. Prac. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

## II.    CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff has **until June 30, 2025,** to either pay the full $405 filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff

to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

DATED: May 20, 2025

_____
UNITED STATES MAGISTRATE JUDGE