# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Martel Artis, | Case No. 2:24-cv-02186-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Clark County, et al., | |
| Defendants. | |

Before the Court is pro se inmate Plaintiff Martel Artis' motion for "execution compelling waiver for attorney fees" (ECF No. 30), motion for re-service of summons (ECF No. 33), and motion for "writ of execution for default judgment" (ECF No. 34).[1]

In the motion for "execution compelling waiver for attorney fees" Plaintiff seeks attorney's fees under 29 U.S.C. § 1132(g)(1) (permitting a court to allow attorney's fees to a participant, beneficiary, or fiduciary in certain cases involving employee benefits), 28 U.S.C. § 2414 (allowing for fees and costs to be awarded to a prevailing party in certain civil actions by or against the United States), and 42 U.S.C. § 1988 (permitting a court to award fees to a prevailing party in a civil rights case). (ECF No. 30).[2] These statutes do not operate to award Plaintiff fees here. The motion is denied.

In his motion for re-service of summons, Plaintiff asserts that he sent three USM-285 forms to the Clerk's Office but they were never filed. (ECF No. 33). So, Plaintiff asks the Court

---

[1] Plaintiff has also filed a subpoena directed to the Las Vegas Metropolitan Police Department, the City of Las Vegas, and Clark County. (ECF No. 31). This subpoena was not properly issued. *See* Fed. R. Civ. P. 45(a)(2), (3).

[2] In the motion, Plaintiff also claims to have only received two, rather than the ordered three, USM-285 forms. However, in his motion for re-service, Plaintiff asserts to have sent three forms to the Clerk of Court. So, the Court does not address his claim regarding having received only two forms.

to "re-service" the summonses.  The Court's screening order directed Plaintiff to send his USM-285 forms to the *United States Marshal's Service* ("USMS"), not the Clerk of Court.  (ECF No. 28 at 10).  Given Plaintiff's apparent confusion, the Court will grant his motion, send him three additional USM-285 forms, send the appropriate documents to the USMS, and give Plaintiff additional time to send his USM-285 forms to the *USMS* (not the Clerk's Office) and for service under Fed. R. Civ. P. 4(m).

In his motion for "writ of execution for default judgment," Plaintiff appears to move for a default because no party has responded to his complaint.  (ECF No. 34).  However, Plaintiff has not yet served the Defendants, so a default, default judgment, and any execution of that judgment are premature.  *See Marty v. Green*, No. 2:10-CV-01823, 2011 WL 320303, at *4 (E.D. Cal. Jan. 28, 2011) (stating that the court would have denied motion for default because defendants had not been properly served).  A default judgment is void where a defendant has not been properly served.  *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where defendant was not properly served); *Olson v. Nevada*, No. 3:23-CV-00513-ART-CLB, 2025 WL 1211037, at *1 (D. Nev. Apr. 25, 2025).  So, the Court denies Plaintiff's motion for default without prejudice.[3]

---

[3] The assigned magistrate judge denies this motion for default in an order, rather than a recommendation, because doing so does not dispose of a party's claim or defense.  *See Stephenson v. Lappin*, No. CIV S-06-2735-LKK-EFB-PS, 2007 WL 1577632, at *1 (E.D. Cal. May 31, 2007)  ("the magistrate judge's order denying entry of default…was non-dispositive because it did not dispose of a party's claim or defense); *see Hunter v. Shepard*, No. CV 14-04452-MMM-JC, 2015 WL 13916594, at *2 (C.D. Cal. Dec. 22, 2015) ("[t]he [magistrate judge's] denial of [the Plaintiff's] request to enter [the Defendant's] default is a non-dispositive matter, because it did not dispose of any of [the Plaintiff's] claims nor any of [the Defendant's] defenses."); *see McColm v. Restoration Group, Inc.*, No. 2:06-cv-2707-MCE-EFB-S, 2007 WL 1468992, at *1 (E.D. Cal. May 17, 2007) ("the magistrate judge's order denying plaintiff's ex pate motion for an order requiring the Clerk to enter default against the defendants pursuant to Fed. R. Civ. P. 55(a), is non-dispositive because it did not dispose of a party's claim or defense."); *but see Herron v. Wells Fargo Financial, Inc.*, 299 Fed.Appx. 713, 715 n.2 (9th Cir. 2008) (unpublished) (explaining that a denial of a motion for entry of default judgment as moot by the magistrate judge instead of the district judge was harmless error).

**IT IS THEREFORE ORDERED** that Plaintiff's motions for "execution compelling waiver for attorney fees" (ECF No. 30) and for "writ of execution for default judgment" (ECF No. 34) are **denied**

**IT IS FURTHER ORDERED** that Plaintiff's motion for re-service of summons (ECF No. 33) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the USMS: (1) the summonses for LVMPD, the City of Las Vegas, and Clark County filed at ECF No. 29; (2) three copies of the second amended complaint filed at ECF No. 3; and (3) a copy of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to Plaintiff: (1) a copy of this order; and (2) three USM-285 forms.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **May 18, 2026**, to send his USM-285 forms to the USMS.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **July 15, 2026**, to accomplish service.

**IT IS FURTHER ORDERED** that within 20 days after receiving from the USMS a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendants and specifying a more detailed name and/or address for said defendants, or whether some other manner of service should be attempted

**IT IS FURTHER ORDERED that failure to timely comply with this order may result in recommended sanctions, which sanctions may include dismissal.**

DATED: April 16, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE