**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Martel Artis,

Plaintiff,

v.

Clark County, et al.,

Defendants.

Case No. 2:24-cv-02186-APG-DJA

**Order**

Before the Court is Defendant City of Las Vegas' (the "City") motion to stay discovery (ECF No. 66), pro se Plaintiff Martel Artis' motion for reconsideration (ECF No. 83), Plaintiff's motion for appointment of counsel (ECF No. 86), and the City's motion to strike (ECF No. 97).

The Court grants the City's motion to stay discovery pending the City's motion to dismiss. (ECF No. 66). The City asserts that Plaintiff's claims arise out of his detention at the Clark County Detention Center, which the City does not own or operate. So, the City argues that it would be prejudiced by expending resources on discovery in a case where it is not a proper party. In response, Plaintiff argues that the Las Vegas Metropolitan Police Department ("LVMPD") are "city police" and therefore the City is a proper Defendant. (ECF No. 80). The Court does not make a finding one way or the other regarding whether the City is a proper party to this case. However, the Court finds that it would save judicial and party resources for discovery as to the City to be stayed pending a ruling on the City's motion to dismiss, which ruling will establish whether the City is a proper party. *See Schrader v. Wynn*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3-4 (D. Nev. Oct. 14, 2021) (explaining that "[u]ltimately, guided by Rule 1 of the Federal Rules of Civil Procedure, the Court is trying to determine whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case) (internal quotations

omitted). The Court therefore finds good cause to stay discovery as to the City and grants the City's motion.

The Court denies Plaintiff's motion for reconsideration. (ECF No. 83). Plaintiff moves the Court to reconsider its order granting LVMPD's motion to extend discovery deadlines. When the Court granted LVMPD's motion, it noted that no party had responded to the motion. (ECF No. 77). Now, Plaintiff points out that he did respond, but that he titled and captioned his response a "Motion for Summary Judgment 'Fed. R. Civ. P. 56,'" which response he filed at ECF No. 68. So, he argues that the Court made a mistake in not considering his motion for summary judgment to be a response. A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). This district's local rule LR 59-1 advises that "[a] party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented" except in narrow circumstances. *Id*. at (b). Here, Plaintiff's response was not properly titled and therefore the Court does not find that it made a mistake in finding that Plaintiff did not respond to LVMPD's motion to extend time. While the Court must liberally construe pro se filings, it is Plaintiff's responsibility to properly title those filings so that they are accurately represented on the docket. The Court denies Plaintiff's motion.

The Court denies Plaintiff's motion for appointment of counsel. (ECF No. 86). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of

success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* Here, Plaintiff asserts that he has limited funds and is struggling to keep up with the demands of his five pending cases. However, many incarcerated litigants proceeding pro se face the same obstacles that Plaintiff describes. And while it is not clear if Plaintiff will succeed on the merits, he has otherwise demonstrated an ability to articulate his claims. So, the Court denies his motion without prejudice.

The Court grants the City's motion to strike. (ECF No. 97). The City moves to strike Plaintiff's second response to the City's motion to stay discovery, which second response was filed after the deadline to respond had passed and without an accompanying motion to supplement or to file a surreply. (ECF No. 92) (second response). Under this district's local rules, supplementation is prohibited without leave of court. LR 7-2(d). "The judge may strike supplemental filings made without leave of court." *Id.* Surreplies are also not permitted without leave of court. LR 7-2(b). The Court therefore grants the City's motion and strikes the response filed at ECF No. 92. LR 7-2(d); LR IA 10-1(d).

///

///

///

**IT IS THEREFORE ORDERED** that the City's motion to stay discovery (ECF No. 66) is **granted.** Discovery is stayed as to the City only. If this case proceeds against the City following resolution of its motion to dismiss, the parties must file a stipulation regarding any required extension of discovery deadlines within **thirty days** of the ruling on the motion to dismiss.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration (ECF No. 83) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 86) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the City's motion to strike (ECF No. 97) is **granted.** The Clerk of Court is kindly directed to strike ECF No. 92 from the docket.

DATED: July 23, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE